

**Janice Sued Agresti**
Direct Phone  212-453-3978
Direct Fax  646-588-1558
jagresti@cozen.com

June 22, 2026

**VIA ECF**

The Honorable Lara K. Eshkenazi
United State District Court Judge
Eastern District of New York
225 Cadman Plaza East – Courtroom N322
Brooklyn, NY 11201

**Re:** **Stephen v. Public Partnerships LLC d/b/a PPL; Case No. 1:25-cv-03895-NRM-LKE;**
**Opposition to Plaintiff's Request for Status Conference or Compel Parties to**
**Proceed with Discovery**

Dear Judge Eshkenazi:

My firm represents Defendant, Public Partnerships, LLC ("PPL"), in the above-captioned matter.
I write to respectfully oppose Plaintiff's letter request for a status conference or to compel the
parties to proceed with a Rule 26(f) conference and discovery planning. (ECF No. 48.)

Plaintiff's request should be denied because Defendant's motion to dismiss may dispose of the
action in its entirety, substantially narrow the claims, and/or compel the adding of a necessary
party. Proceeding with discovery at this stage would be inefficient and unnecessarily
burdensome, particularly where the threshold legal sufficiency of Plaintiff's claims is presently
before the Court. Courts in this District routinely decline to require discovery while a potentially
dispositive motion to dismiss is pending, where, as here, resolution of that motion may obviate
the need for discovery altogether. *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 274
(E.D.N.Y. 2024) (granting stay of discovery pending motion to dismiss where defendants raised
substantial issues as to all claims, discovery would be broad and burdensome, and plaintiffs
failed to show prejudice, such that the motion could narrow or resolve the case). Plaintiff
identifies no compelling reason to depart from that common practice.

Plaintiff's assertion that Defendant's motion relies on materials outside the Complaint does not
alter this conclusion. As set forth in Defendant's motion papers, the materials cited therein are
properly considered on a motion to dismiss because they are integral to, and explicitly relied
upon by, the Amended Complaint. Accordingly, Defendant's submission of such materials does
not convert the motion into one for summary judgment or warrant the commencement of
discovery.

Finally, Plaintiff's generalized assertion of prejudice from delay is insufficient to justify
disregarding the efficiencies gained by resolving Defendant's motion first. The parties have
already engaged in motion practice concerning Plaintiff's request for preliminary injunctive relief,
including a request for expedited discovery that the Court denied, and there is no basis to revisit
that determination through the present case-management request. There is no undue prejudice

LEGAL\112386742\1

in awaiting the Court's ruling on a fully briefed dispositive motion before imposing the costs and burdens of discovery.

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's request for a status conference and decline to direct the parties to proceed with Rule 26(f) obligations unless and until the motion to dismiss is resolved.

Thank you for your consideration.

Respectfully submitted,

COZEN O'CONNOR

By: Janice Sued Agresti

JSA