

July 6, 2026

**VIA ECF**

**Janice Sued Agresti**
Direct Phone   212-453-3978
Direct Fax      646-588-1558
jagresti@cozen.com

The Honorable Lara K. Eshkenazi
United State District Court Judge
Eastern District of New York
225 Cadman Plaza East – Courtroom N322
Brooklyn, NY 11201

**Re:     Stephen v. Public Partnerships LLC d/b/a PPL; Case No. 1:25-cv-03895-NRM-LKE; Opposition to Plaintiff's Request for Referral to ADR**

Dear Judge Eshkenazi:

My firm represents Defendant Public Partnerships LLC ("PPL") in the above-captioned matter. We write to oppose Plaintiff's request for referral to the Court's Alternative Dispute Resolution ("ADR") program. (ECF No. 50.)

As an initial matter, Plaintiff's request ignores the parties' actual settlement history. Defendant has engaged in settlement-related discussions in good faith at the onset of this litigation and during the initial stages of this case and has made significant efforts to explore whether this matter could be resolved without further expenditure of party and judicial resources. Those efforts went nowhere—not because Defendant refused to participate, but because each time Defendant attempted to move the parties closer to a potential resolution, Plaintiff responded by increasing his demand. That pattern confirms that renewed ADR would neither facilitate resolution nor is it warranted where significant efforts have already been expended and then abandoned by Plaintiff to file motions and to revisit decisions already determined by this Court.

Nor is this a case in which ADR has been tried only in passing or prematurely abandoned. At the last status conference, the Court converted part of the conference into a settlement conference. At that time, Plaintiff refused to engage in response to Defendant's good faith offer. Defendant should not now be forced into another settlement exercise after Plaintiff has already demonstrated that he will use the process not to compromise, but to leverage additional cost.

Plaintiff has also continued to pursue repetitive motion practice and procedural requests that require substantial responses from Defendant and impose unnecessary expense, notwithstanding Defendant's pending motion to dismiss. Further, Defendant has already been forced to devote considerable time and resources to Plaintiff's numerous filings, including a request for temporary restraining order (which was denied). Plaintiff should not be permitted to compound that burden by forcing Defendant into ADR that experience has already shown will be futile.

LEGAL\112386742\1

LEGAL\116457401\1

The Honorable Lara K. Eshkenazi
July 6, 2026
Page 2

_____

Plaintiff's suggestion that ADR would conserve resources is therefore backwards. A fully briefed dispositive motion is pending, and that motion addresses threshold defects in the pleadings. The efficient course is to allow the Court to decide that motion before the parties are required to incur still more expense. Ordering ADR now would not conserve resources; it would create another forum for Plaintiff to prolong a case that may be disposed of on the pleadings, and cause additional spend for Defendant.

Accordingly, Defendant respectfully submits that ADR is not warranted, would not serve judicial economy, and would unfairly impose additional cost on Defendant despite Plaintiff's demonstrated unwillingness to negotiate in good faith. Defendant requests that the Court deny Plaintiff's request in its entirety and allow the case to proceed consistent with its current procedural posture.

Thank you for your consideration.

Respectfully submitted,

COZEN O'CONNOR

By: Janice Sued Agresti

JSA