**Daryl Stephen**
Plaintiff, Pro Se
1316 Sterling Place, Apt. 1R
Brooklyn, New York 11213
917-547-2145
DS027C@icloud.com



*** Filed ***
08:35 PM, 07 Jul, 2026
U.S.D.C., Eastern District of New York

July 7, 2026


Honorable Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Stephen v. Public Partnerships LLC d/b/a PPL**, No. **25-CV-3895 (NRM) (LKE)**
**Plaintiff's Reply in Support of Request for Referral to ADR**

Dear Judge Eshkenazi:

Plaintiff respectfully submits this reply to Defendant's opposition to Plaintiff's request for referral to the Court's **Alternative Dispute Resolution** program.

Defendant opposes **ADR** on the grounds that its **motion to dismiss** should be decided first, that prior informal settlement discussions were unsuccessful, and that renewed settlement efforts would impose unnecessary cost. Those arguments do not demonstrate that **ADR** is improper; rather, they show why a **structured, neutral process** may be useful in this specific case.

Plaintiff does **not** ask the Court to stay the motion to dismiss, delay any ruling, open merits discovery, or require Defendant to concede liability. Plaintiff requests a **parallel, confidential, non-dispositive settlement process** under the Court's established **case-management authority**.

The **Federal Rules of Civil Procedure** and the **2026 Local Civil Rules** support this approach. **Federal Rule of Civil Procedure 1** requires the Rules to be administered to secure the **just, speedy, and inexpensive determination** of every action. **Federal Rule of Civil Procedure 16** authorizes the Court to consider settlement and appropriate procedures to assist in resolving disputes. **Local Civil Rule 83.8(b)** further provides that litigants in all civil cases are required to consider **ADR** such as mediation.

That rule matters here because Defendant's opposition treats **ADR** as an improper burden, even though the Local Rules make **ADR consideration** part of ordinary civil

case management. Plaintiff has considered **ADR** and requests referral because direct communications have not resolved the matter, the motion to dismiss remains pending, and continued adversarial motion practice will require additional party and judicial resources.

**Local Civil Rule 83.8(d)** expressly provides that all civil cases are eligible for mediation, that district and magistrate judges may designate civil cases for inclusion in the **Mediation Program**, and that parties may request such a referral. Nothing in **Rule 83.8** conditions mediation eligibility on the prior resolution of a motion to dismiss. A referral would not interfere with the pending motion; it would simply provide a **parallel opportunity** to determine whether resolution is possible while the motion remains pending.

Defendant argues that prior settlement discussions show **ADR** would be futile. Plaintiff respectfully disagrees. The Court need not resolve competing characterizations of past informal communications to rule on this procedural request. The narrow question is whether a **trained neutral** may assist the parties now. If unassisted discussions between a **pro se plaintiff** and a represented corporate defendant have stalled, that does not demonstrate futility; it shows why a structured neutral process may be useful. This is precisely the type of impasse where the Local Rules contemplate consideration of **ADR**.

**Local Civil Rule 83.8(a)** describes mediation as a confidential process involving a trained neutral who assists the parties in identifying interests, probing the strengths and weaknesses of legal positions, and generating options to resolve the dispute. That is directly responsive to Defendant's **futility** argument: the parties have not resolved the case through informal discussions. **Court-annexed mediation** is different from informal correspondence or a brief settlement discussion because it provides a structured process, a neutral mediator, confidentiality protections, and meaningful attendance requirements.

Defendant also argues that **ADR** would impose unnecessary cost. Plaintiff's request is intended to **reduce cost**, not increase it. **Local Civil Rule 83.8(a)** recognizes mediation as an **expeditious and less costly** form of dispute resolution. A limited mediation referral can proceed without discovery, without delaying the pending motion, and without prejudice to any defense. Utilizing this track is especially appropriate where Defendant itself emphasizes the expense of continued litigation. Defendant's own emphasis on litigation burden supports, rather than defeats, a limited mediation referral.

Nor would mediation prejudice Defendant's litigation position. **Local Civil Rule 83.8(g)** treats mediation as a settlement negotiation protected from later discovery or use in evidence, prohibits calling the mediator as a witness or deponent, and prohibits recording the mediation except to memorialize a settlement. If no settlement is reached, the litigation continues with all rights and defenses **fully preserved**.

Plaintiff is proceeding **pro se** and seeks to utilize the structured dispute-resolution framework provided by the Local Rules. Plaintiff remains prepared to participate in mediation in **good faith**. If mediation is ordered, Plaintiff respectfully requests that participation proceed consistent with **Local Civil Rule 83.8(f)**, including attendance by the attorney responsible for handling the matter and a party representative with **full settlement authority** unless otherwise approved by the mediator.

If the Court determines that immediate mediation is premature while the motion to dismiss remains pending, Plaintiff respectfully requests, in the alternative, that the Court address at the **July 21, 2026 status conference** whether mediation should be scheduled promptly following any ruling that leaves claims pending.

Respectfully submitted,

/s/ **Daryl Stephen**
**Daryl Stephen**
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on July 7, 2026, I served a copy of this letter on counsel for Defendant Public Partnerships LLC by email at:

**Janice Sued Agresti**
jagresti@cozen.com

/s/ **Daryl Stephen**
**Daryl Stephen**
Plaintiff, Pro Se